# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 18-03053-01-CR-S-MDH |
| **JESSE L. WEDDINGTON**, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION

The United States of America, by Timothy A. Garrison, United States Attorney, and Abram McGull II, Assistant United States Attorney, both for the Western District of Missouri, hereby moves the Court to detain the defendant, Jesse L. Weddington, without bail pending trial in this matter and to hold a hearing pursuant to 18 U.S.C. § 3142(f)(2) for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure his appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. In light of the Indictment returned on May 1, 2018, in this case, there is probable cause to believe that Jesse L. Weddington committed the offense of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C);

2. Jesse L. Weddington poses a danger to the community; and

3. Because of the strength of the evidence against Weddington in this case, and the substantial mandatory minimum prison sentence he faces, he poses a serious risk to flee.

## **SUPPORTING SUGGESTIONS**

Title 18, United States Code, Section 3142(f) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure Weddington's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which imprisonment for 10 years or more is possible. In this case, Weddington is charged by a grand jury indictment with possession with intent to distribute a detectable amount of methamphetamine, a crime which carries a statutory maximum sentence of imprisonment for a term of no more than 20 years.

The Government further submits that in light of the grand jury indictment returned on January 23, 2018, there is probable cause to believe Weddington violated 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Accordingly, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. 18 U.S.C. § 3142(f)(1)(B).

Title 18, United States Code, Section 3142(e) and (f)(1) provide that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act, as referred to above or an offense for which the maximum sentence is life imprisonment. Weddington falls under that presumption in that he is charged with a Controlled Substance Act violation that carries a maximum sentence of 20 years and he is charged with a Federal Firearm violation that carries a maximum penalty of life imprisonment.

Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*,

581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, Weddington's statutory sentencing range is 15 years to Life imprisonment as to count three of the indictment.

Furthermore, the United States respectfully submits that Weddington committed the indicted offenses while possessing firearms. Per his criminal history, he should have been aware that he could not possess firearms since his 2002 Assault 2nd conviction. During the course of this investigation, Weddington admitted to law enforcement officers he was aware he could not possess firearms and possessed them anyway.

Moreover, Weddington's criminal history documents six state felony convictions relevant to him being a flight risk and a danger to the community. The Government believes, he has the following felony convictions:

| Date | Crime | Case No. | Sentence |
|---|---|---|---|
| 7-15-2002 | Asslt. 2nd | 02CR69407701 Dallas County | 7 yrs DOC |
| 7-10-2006 | Poss Cont. Subst. | 05POCR0067201 Polk County | 5 yrs DOC |
| 2-17-2011 | Dist Del Manf Contr Sub | 09POCR0077501 Polk County | 5 yrs SES, 5 yrs prob. |
| 12-16-2010 | Poss Cont. Subst | MO109033J Vernon County | SIS, 5 yrs prob. |
| 12-16-2010 | Dist Del Manf Contr | 10VECR00985 Vernon County | 7 yrs SES, 5 yrs prob. |
| 2-17-2011 | Manf Cont Subst – Resid w/child | 10POCR0003201 Polk County | 5 yrs SES, 5 yrs prob. |

3

## CONCLUSION

For the reasons set forth above, the United States respectfully asserts that there is no condition or set of conditions that this Court could impose that will ensure the safety of the public or the defendant's appearance before the Court if he were released while awaiting trial.  For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

                                      Respectfully submitted,

                                      TIMOTHY A. GARRISON
                                      United States Attorney

                          By   /s/ *Abram McGull II*
                                Abram McGull II, Mo. Bar #40553
                                Assistant United States Attorney
                                901 St. Louis Street, Suite 500
                                Springfield, Missouri 65806-2511

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case, and that I have mailed by United States Postal Service the foregoing document to all non-CM/ECF participants in this case.

                                      /s/ *Abram McGull II*
                                      Abram McGull II
                                      Assistant United States Attorney