IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-03053-01-CR-S-MDH |
| ) | |
| JESSE L. WEDDINGTON, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant's *Pro Se* Motion Requesting Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 76). The Government opposes Defendant's Motion for Compassionate Release. (Doc. 80).

In 2018, Defendant pled guilty to Counts One and Two of the Indictment. (Doc. 29). Specifically, Defendant pled guilty to possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 29). This Court sentenced Defendant to 132 months imprisonment on Count One and an additional 60 consecutive months imprisonment on Count Two, totaling 192 months imprisonment. (Doc. 38). The Court also sentenced Defendant to concurrent terms of three and five years of supervised release following imprisonment. (Doc. 38). Defendant's projected release date is December 20, 2031.

Defendant's Motion for Compassionate releases contends that extraordinary and compelling reasons exist because of his career offender status, an alleged disparity in the

methamphetamine quantity at sentencing, his inability to earn sentence reduction credits due to his firearm conviction, and his rehabilitation efforts.

First, Defendant has not shown how, if sentenced today, his criminal history category would be different based upon his career offender status. Second, Defendant argues that his sentence should have been calculated using a lesser quality of drugs, alleging he was only responsible for five grams of actual methamphetamine and not the 28 grams of methamphetamine used to calculate his sentence. However, this argument fails as Defendant admitted with the plea agreement's factual basis that he was responsible for 28 grams of methamphetamine and that it would be used to calculate his advisory sentencing range. (Doc. 29, pages 2-3). Third, Defendant argues his 930 days of First Step Act earned sentencing time credits accrued, but not awarded, should be considered in his request for compassionate release. Defendant is ineligible to be awarded sentencing time credits based on 18 U.S.C. § 3632(d)(4)(D)(xxii) based on his conviction under 18 U.S.C. 924(c)(1)(A). This is no extraordinary and compelling reason, nor is it different from other inmates that have also been excluded by nature of their conviction under 18 U.S.C. 924(c)(1)(A). Finally, the Defendant points to his rehabilitation efforts in support of a reduction of a term of imprisonment. However, rehabilitation is not, by itself, an extraordinary and compelling reason for a reduction of a term of imprisonment. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 944(t).

After careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's *Pro Se* Motion for Compassionate Release. The Court finds that the Defendant has not established that his situation is so extraordinary or compelling that he should be released immediately.

**IT IS SO ORDERED**.
DATED:   October 21, 2024                    */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**